IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSE ALVARADO BORREGO, )
)
    Movant, ) CASE NO. 3:09-1135
) Chief Judge Haynes
v. )
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM

Movant, Jose Alvarado Borrego, filed this pro se action under Title 28 U.S.C. § 2255 to vacate his convictions of conspiracy and related charges of armed kidnaping of a minor and others. United States v. Borrego, et al., 3:04-cr-00149, M.D. Tenn. After a jury trial, Movant was convicted and on appeal, his convictions and sentence were affirmed. Id. at Docket Entry Nos. 269 and 270. Movant asserts five claims of ineffective assistance of counsel at trial, sentencing and appeal. Specifically, Movant's claims are: (1) that his trial court failed to ask the court to instruct the jury on the defense of duress; (2) that trial counsel failed to assure that his guidelines sentencing range was not inappropriately enhanced based upon the ransom demand of his co-defendants; (3) that his trial counsel should have pursued a reduced advisory guidelines range to reflect his lesser role in the offense; (4) that counsel should have pursued a sentencing reduction for Movant's acceptance of responsibility; and (5) that the Court failed to treat the guidelines as advisory. Given that the factual basis for Movant's claims can be decided on the trial and appellate records, the Court concludes that a hearing is unnecessary.

1

## 1. Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, Petitioner must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 695 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. 687.

As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. As to the duty to investigate:

> These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. As the Court of Appeals concluded, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what

> investigation decisions are reasonable depends critically on such information. For
> example, when the facts that support a certain potential line of defense are
> generally known to counsel because of what the defendant has said, the need for
> further investigation may be considerably diminished or eliminated altogether.
> And when a defendant has given counsel reason to believe that pursing certain
> investigations would be fruitless or even harmful, counsel's failure to pursue those
> investigations may not later be challenged as unreasonable. In short, inquiry into
> counsel's conversations with the defendant may be critical to a proper assessment
> of counsel's investigation decision, just as it may be critical to a proper
> assessment of counsel's other litigation decisions.

Id at 690-91.

In any event, Strickland directs that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 689, 691. As the Supreme Court noted, "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." Id. at 691. Counsel's failure "'to conduct a constitutionally adequate pretrial investigation into potential mitigation evidence'" can "'hamper[] [their] ability to make strategic choices.'" Harries v. Bell, 417 F.3d 631, 639 (6th Cir. 2005) (citation omitted). A court must examine not only the individual errors of counsel, but must also view the effect of the errors cumulatively. See Draper v. Adams, No. 98-1616, 215 F.3d 1325, 2000 WL 712376, at *4 (6th Cir. May 23, 2000).

To establish prejudice due to his counsel's errors or omissions, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

3

confidence in the outcome. Williams v. Taylor, 362, 391 (2010). In a word, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

As to the duress instruction, Movant's trial counsel and counsel for the other co-defendants requested a duress instruction that the Court denied for lack of proof. (3:04-cr-00149; Docket Entry No. 225, Transcript volume IV at 97). The appellate record reflects that Movant's counsel adopted the appellate briefs of co-defendants Perez and Mendez. (3:09-cv-1135; Docket Entry No. 4, Attachments 1 and 2; Motion to Adopt Briefs of Co-Appellants and Order Granting Adoption). Defendant Mendez's brief argued that a duress instruction should have been given based on circumstantial evidence of duress, and the Sixth Circuit found these arguments to be meritless. Id. Docket Entry No. 4, Attachment 3 at 36; Docket Entry No. 269 at 7. Thus, the Court concludes Movant's claim about his counsel's failure to pursue a jury instruction on duress lacks a factual basis and given the result of his appeal on this issue, the Court concludes that Movant cannot show prejudice on this claim.

As to trial counsel's failure to assure his sentencing range was not improperly enhanced based upon the ransom demand of his co-defendants, Movant insists that he was "not privy" to the ransom demand. Yet, trial testimony reflects that after his arrest, Movant admitted that he and two others who were armed, forced their way into the home of the victims. The victims were abducted and transported to Georgia, and the Movant knew that the purpose of the kidnaping was to collect a drug debt. Movant participated in the crimes in expectation of payment. (3:04-cr-00149, Docket Entry No. 252, Transcript II at 198-202, 219-220). Thus, Movant participated in
4

a kidnaping with knowledge of a demand for payment of money. Under U.S.S.G. § 1B1.3, a defendant who participates in jointly undertaken criminal activity is accountable for all foreseeable acts of others in furtherance of that activity, and not just his own actions. United States v. Ware, 282 F.3d 902, 908 (6th Cir. 2002). Whether Movant directly participated in conveying a ransom demand is not controlling as Movant knew such a demand would be made. Pinkerton liability for the acts of coconspirators is applicable to guidelines sentencing considerations. United States v. Swiney, 203 F.3d 397, 406 (6th Cir. 2000).

As to his counsel's failure to assure that his sentencing range should have been reduced for his minor role in these offenses, Movant's counsel pursued the minor role status for Movant in his mitigating arguments at sentencing, but the Court denied that request. (3:04-cr-00149; Docket Entry No. 258, Sentencing Transcript 42-46; 73-74). Thus, the Court concludes this claim also lacks merit and fails for lack of prejudice.

As to denial of acceptance of responsibility, Movant pled not guilty to all charges and denied his guilt throughout trial and on appeal. Movant's counsel requested a guideline reduction for acceptance of responsibility at sentencing. Id. at 45-50. Given the Movant's positions at trial and on appeal, the Court concludes that any reduction for accepting responsibility for his criminal conduct lacks merit and that Movant cannot establish any prejudice.

As to Movant's counsel's failure to assure that the Court recognize the non-mandatory nature of the guidelines, the presentence report sentencing range for Movant was 360 months to life for the kidnaping counts and an additional mandatory and consecutive term of 84 months on the firearm count. (Docket Entry No. 242, Presentence Report at p. 12). The Court imposed

5

Case 3:09-cv-01135 Document 5 Filed 01/28/13 Page 5 of 6 PageID #: 62

individualized sentences for each co-defendant under Title 18 U.S.C. § 3553 and in clear recognition that the sentencing guidelines were advisory. (Docket Entry No. 258, Sentencing Transcript at 70-79; and Docket Entry Nos. 220, 222, 226 and 228: Judgments). The Movant's 300 month sentence for the kidnaping counts that is five years less than the advisory guideline range, (Docket Entry No. 224), reflects that the Court did not consider the guidelines mandatory. (Docket Entry No. 258, Sentencing Transcript 70, 73-74). This claim lacks merit.

For these collective reasons, the Court concludes that Movant's claims lack merit and this action should be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of January, 2013.

WILLIAM J. HAYNES, JR.
Chief United States District Judge